UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| JENNIFER GALBO,<br><br>Plaintiff,<br><br>-against-<br><br>BAY RIDGE PREPARATORY SCHOOL, BAY RIDGE PREPARATORY SCHOOL BOARD OF DIRECTORS, BAY RIDGE PREPARATORY SCHOOL BOARD OF TRUSTEES, CHARLES FASANO, and JULIE MAYRING,<br><br>Defendants. | **<u>MEMORANDUM AND ORDER</u>**<br>24-cv-503 (DLI) (JRC) |

---------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On January 23, 2024, Jennifer Galbo ("Plaintiff") filed this action against Bay Ridge Preparatory School ("School"), Bay Ridge Preparatory School Board of Directors ("Directors"), Bay Ridge Preparatory School Board of Trustees ("Trustees"), Charles Fasano ("Fasano"), and Julie Mayring ("Mayring") (collectively, "Defendants"). *See*, Complaint ("Compl."), Dkt. Entry No. 1. She alleges religious discrimination pursuant to 42 U.S.C. 2000e-2(a)(1) ("Title VII"), New York City Human Rights Law, N.Y. City Administrative Code §§ 8-101 ("NYCHRL"), and New York State Human Rights Law, N.Y. Executive Law §§ 290 ("NYSHRL"). Defendants moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See*, Motion to Dismiss ("Mot."), Dkt. Entry Nos. 9, 10. Plaintiff opposed. Opposition ("Open"), Dkt. Entry No. 12. Defendants replied. Reply, Dkt. Entry No. 13. For the following reasons, Defendants' motion is granted in part and denied in part.

## BACKGROUND[1]

Plaintiff was employed by Bay Ridge Preparatory School beginning in 2004 until her termination on September 3, 2021. Compl. ¶¶ 21, 58. She originally was hired as a middle school teacher focusing on children with reading disabilities, but was given "more responsibilities and advanced positions in the school" over the years. *Id.* ¶¶ 21-23. Her title at termination was "Grade/Program coordinator," and her duties included following a middle school class over three years from sixth to eighth grade, tracking students' progress, coordinating and supervising required services or interventions the children required, assisting other teachers with any behavioral and/or academic issues, maintaining contact with parents, developing education plans, communicating with the Board of Education, and testifying at Board of Education hearings. *Id.* ¶ 24.

The School began as a small, nondenominational, private school with only a few dozen staff members and less than 400 students. *Id.* ¶ 25. At Plaintiff's termination, the School had nearly 100 employees and over 400 students. *Id.* ¶ 26. During Plaintiff's employment, she observed the School's culture shift from one more open to religion to one that is more secular. *Id.* ¶ 30. Specifically, in 2018, the School changed its policy of celebrating religious holidays, and stopped putting up religious decorations for holidays such as Christmas, Hannukah, and Kwanza. *Id.* ¶¶ 31, 34. Defendant Charles Fasano, co-founder of the school and headmaster, told Plaintiff that this policy "was an attempt not to insult anyone," and that "major religions were the cause of most wars and conflicts in the world." *Id.* ¶ 36.

In response to the outbreak of COVID-19, the School stopped in-person appearances for the 2020 spring semester until students and staff partially returned during the latter part of the 2020-2021 school year. *Id.* ¶¶ 38–39. In June of 2021, Defendants started communicating to their

---

[1] The following facts are taken from the Complaint, which is presumed to be true at this stage of the proceeding. *DeJesus v. HF Mgmt. Servs., LLC,* 726 F.3d 85, 87 (2d Cir. 2013) (citations omitted).

employees that they intended to require all employees to get the COVID-19 vaccine in order to renew their contracts. *Id.* ¶ 43. Plaintiff and several other employees made Defendants aware that they did not want to receive the vaccines. *Id.* ¶ 44. On September 3, 2021, Plaintiff sent Fasano a written request for an exemption from the COVID-19 vaccine mandate alleging: (1) religious grounds; (2) natural immunity; and (3) violations of human rights. *Id.* ¶ 47. That same day, Fasano orally denied Plaintiff's request during a phone call, claiming it would be unfair to grant her an exemption and others would feel unsafe or uncomfortable around an unvaccinated individual. *Id.* ¶ 48-49. In response, Plaintiff suggested teleworking or setting mask mandates and daily testing, but Fasano refused to entertain those options. *Id.* ¶ 52-53. Plaintiff's employment subsequently was terminated. *Id.* ¶ 58. Plaintiff was the only employee who requested a religious exemption to the vaccine mandate and was one of only two employees terminated for refusing to receive the vaccine. *Id.* ¶¶ 61-62.

Plaintiff filed a claim with the Equal Employment Opportunity Commission and the Commission sent her a right to sue letter on October 25, 2023. *Id.* ¶ 13. Plaintiff received the right to sue letter and filed this action on the last day of the 90-day time limit for doing so. *See*, Dismissal and Notice of Rights, Dkt. Entry No. 1–2.

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y.*

*Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations omitted). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678–79 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . [P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth.") (internal quotation marks and modifications omitted). The court's duty "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010).

## DISCUSSION

Plaintiff raises new facts for the first time in her opposition to the Motion. The Court, as it must, only will consider the complaint and undisputed documents attached to or incorporated by reference within it. *See*, *Ariel (UK) Ltd. v. Reuters Grp., PLC*, 277 F. App'x 43, 46 (2d Cir. 2008). Evidence outside of the complaint, in this case in the opposition, may not be considered by the Court when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[2] *Costa v. Astoria Fed. Sav. & Loan Ass'n*, 995 F. Supp.2d 146, 148 (E.D.N.Y. 2014); *See also, DiFolco,* 622 F.3d at 113. When matters outside the complaint are presented in connection with a Rule 12(b)(6) motion, "a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" *Costa,* 955 F. Supp.2d at 148 (citing *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000) (quoting *Fonte v. Bd. of*

---

[2] Nearly nine months after the motion was filed, Plaintiff filed a letter, which Defendants opposed, advising the Court of the discovery of new evidence that pertains to the substance of the pending motion to dismiss. *See*, Dkt. Entry Nos. 15, 16. This letter and opposition to the letter will not be considered at this stage.

*Managers of Continental Towers Condo.*, 848 F.2d 24, 25 (2d Cir.1988)). The additional facts raised by the Plaintiff in her opposition, and in the letter mentioned in footnote 2, will not be considered by the Court in deciding the motion.

**I. Disparate Treatment (Failure to Accommodate)**

Title VII of the Civil Rights Act of 1964 prohibits two categories of employment practices. It is unlawful for an employer:

> "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

*E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771 (2015) (citing 42 U.S.C. § 2000e-2(a)). These provisions provide two causes of action pursuant to Title VII, disparate treatment, and disparate impact. *Id*. at 772. Plaintiff asserts a disparate treatment claim because she alleges that Defendants denied her religious accommodation request to their vaccine mandate. Religion as defined by the statute "include[s] all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate" a "religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

Defendants seek dismissal arguing that: (1) Plaintiff "does not allege any religious belief that conflicted with the vaccine requirement," and, thus, has failed to make a *prima facie* case for failure to accommodate since her actual concern is the efficacy of the vaccine, not her religious belief; and (2) accommodating Plaintiff's requests would constitute an undue hardship. Mot. at 3–4. Both arguments fail at the motion to dismiss stage.

Following *Iqbal* and *Twombly*, the Second Circuit clarified that, at the motion to dismiss stage in an employment discrimination case, a plaintiff must allege plausibly that, "(1) the employer took adverse action against him[;] and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). At the initial stage of litigation, the "plaintiff's burden is minimal—he need only plausibly allege facts that provide at least minimal support for the proposition that the employer was motivated by discriminatory intent."[3] *Id.* at 86–87 (citation and internal quotation marks omitted). The "minimal support" needed for motivation by discriminatory intent may be made by "alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* (citing *Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015)).

The adverse action here was Defendants' denial of Plaintiff's request for a religious accommodation to the vaccine mandate. Defendants argue that religion was not a motivating factor in the decision to deny the accommodation because religion played no role in Plaintiff's objections to the vaccine mandate. Instead, Defendants argue that religion was merely a pretext because Plaintiff's primary concern was "potential side-effects it might have on her and any future children she may have; the concerns related to the efficacy of the vaccine." Mot. at 14. Plaintiff counters that her religious beliefs give rise to her "pro-life stance" and she objects to the vaccines on a moral level due to the "use [of] aborted fetus cells to further vaccine development." Opp'n at 11.

[3] Defendants conflate the *prima facie* case requirement of the first step of *McDonnell Douglas* as the pleading standard at the motion to dismiss stage. As the Second Circuit has clarified, under *McDonnell Douglas*, a plaintiff first must establish a *prima facie* case. *See, Vega*, 801 F.3d at 83. However, the "prima facie case" requirement applies only at the summary judgment phase because it "is an evidentiary standard, not a pleading requirement." *Id.* (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002)).

In addressing the issue of religious accommodations in the contest of the COVID-19 vaccine, the Second Circuit recently held that, "[w]hether an applicant has a (1) sincere and (2) religious belief regarding vaccination are questions of fact that are subject to examination when an employment accommodation is sought . . . we do not 'sit in judgment on the verity of an adherent's religious beliefs.'" *New Yorkers For Religious Liberty, Inc. v. City of New York*, 125 F.4th 319, 332 (2d Cir. 2024). The circuit continued, "the Citywide Panel could deny accommodations if it concluded a claimant was not personally devout in the belief underlying the objection, but it could not deny accommodations because it cast judgment on the nature of the religious objection raised." *Id.* at 332–33.

In light of this holding, and, at this stage of the litigation, Plaintiff plausibly has alleged that religion was a motivating factor in Defendants' decision to deny an accommodation because she made Defendants aware of her religious beliefs and objections, but they judged her religious beliefs as insincere and dismissed them. *See*, Compl. ¶¶ 44–53. "An employer may not make an applicant's religious practice, confirmed or otherwise, a factor in employment decisions." *Abercrombie & Fitch Stores, Inc.*, 575 U.S. at 770. As the Second Circuit has cautioned, it is not for the Court to judge the "verity of an adherent's religious beliefs" without further factual support, which is more readily available at the summary judgment stage. *See*, *New Yorkers For Religious Liberty, Inc.,* 125 F.4th at 332.

Plaintiff claims that Defendants never offered her a reasonable accommodation, but rather summarily rejected her request to be exempt from the vaccine requirement and her accommodation suggestions that she telework or be subjected to a mask mandate and daily/weekly COVID-19 testing. Compl. ¶¶ 48, 52–53. Defendants contend that accommodating Plaintiff would cause them "undue hardship." Mot. at 16. Recently, the Supreme Court clarified that "showing more than a *de minimis* cost, as that phrase is used in common parlance, does not suffice to establish

undue hardship under Title VII." *Groff v. DeJoy*, 600 U.S. 447, 453–54 (2023) (quotation marks omitted). The Court held that "undue hardship" is shown when a burden is *substantial* in the overall context of an employer's business. *Id.* at 468 (emphasis added). A substantial burden may be shown when the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business. *Id.* at 470. Thus, the Supreme Court held the determination of an "undue hardship" is a context and fact based inquiry. Such an inquiry is ill-suited at the motion to dismiss stage where a defendant cannot present its facts.

Moreover, the Second Circuit has clarified that, "[t]he reasonableness of an [] accommodation . . . often must be resolved by a factfinder. In many cases, the two sides dispute whether a particular accommodation is adequate to accommodate the plaintiff." *Tafolla v. Heilig*, 80 F.4th 111, 120 (2d Cir. 2023) (citation and internal quotation marks omitted). However, the Second Circuit also has held that "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint." *Lowman v. NVI LLC*, 821 F. App'x 29, 32 (2d Cir. 2020) (citing *Iowa Pub. Emps.' Ret. Sys. v. MF Glob., Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010)) (holding that it is an undue hardship when an entity has to violate federal or state law in order to accommodate a Title VII request). Accordingly, determination of a substantial burden that constitutes undue hardship is best addressed at summary judgment or trial, as opposed to a motion to dismiss, unless the substantial burden is clear on the face of the complaint such as where the accommodation would require violating federal or state law. *Id.*

Defendants cite to a long list of cases, including this Court's decision in *Beickert v. New York City Department of Education*, to support their contentions that it would constitute an undue hardship to allow Plaintiff into the school unvaccinated and she cannot perform her job functions remotely. *See*, Mot. at 18–20. However, the majority of these cases predate the Supreme Court's

decision in *Groff,* which changed the undue hardship standard, or were decisions on motions for summary judgment in which the factual record was more developed. *See, e.g.*, *Bordeaux v. Lions Gate Ent., Inc.*, 703 F. Supp. 3d 1117 (C.D. Cal. 2023), *aff'd*, 2025 WL 655065 (9th Cir. Feb. 28, 2025) (reviewing a motion for summary judgment). Defendants contend that it would create undue hardship to allow plaintiff to telework because of required interactions with students to coordinate services or interventions. Mot. at 17. In addition, Defendants contend that permitting Plaintiff to telework would create an undue hardship because they will have to hire a replacement for Plaintiff's in-person presence. *Id*. at 18. Lastly, Defendants argue that allowing Plaintiff to work in person, but unvaccinated, would create an undue hardship because permitting an unvaccinated individual to work in person constitutes a danger to her colleagues. *Id*. at 19. However, all of these arguments are conclusory and, without further factual support, it is not clear from the face of Plaintiff's complaint that a substantial burden would be imposed on Defendants if her accommodation requests were granted.

The complaint states the majority of Plaintiff's duties at the time of her termination were either ministerial or assisting other teachers with behavioral issues. Compl. ¶ 24; *See also*, *LaFaro*, 570 F.3d at 475 (at the motion to dismiss stage, courts draw all reasonable inferences in the plaintiff's favor). Drawing all reasonable inferences in Plaintiff's favor at this stage, it is not clear that Plaintiff is incapable of performing largely ministerial or administrative duties remotely or that it would pose an undue hardship on Defendants. Additionally, Defendants have not provided, nor could they at this stage, any factual support on the cost and how burdensome it would be on their business to hire an in-person replacement for Plaintiff. *See, Javier Vasquez v. City of New York*, 2025 WL 1560105 at *3 (E.D.N.Y. June 2, 2025) (Denying undue hardship on summary judgment where evidence showed that plaintiff was a "light-duty" firefighter who submitted to COVID testing).

Notably, this case is distinguishable from this Court's decision in *Beickert* because, in that case, the plaintiff was employed full time as a special education teacher until her termination. *Beickert v. New York City Dep't of Educ.*, No. 22-cv-5265 (DLI)(VMS), 2023 WL 6214236, at *1 (E.D.N.Y. Sept. 25, 2023). In contrast, at the time of her termination, Plaintiff primarily performed ministerial and administrative tasks. Thus, it is not clear whether Plaintiff represented the same risk to children with special needs as the *Beickert* plaintiff did. Compl. ¶¶ 21–24.

At this juncture, in the absence of illuminating context and facts, Defendants have not established a substantial burden constituting an "undue hardship," as required by the Supreme Court. *Groff*, 600 U.S. at 468. Accordingly, Defendants' challenges to the sincerity of Plaintiff's beliefs are denied without prejudice to renew at the summary judgment stage.

**A. NYSHRL & NYCHRL**

The Plaintiff alleges the same disparate treatment claim pursuant to NYSHRL and NYCHRL. Compl. ¶¶ 70–94. Title VII and the NYSHRL generally are treated as "analytically identical," and addressed together. *Farmer v. Shake Shack Enterprises, LLC*, 473 F. Supp.3d 309, 323 (S.D.N.Y. 2020) (citing *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 n.7 (2d Cir. 2019)). However, on August 19, 2019, "the New York legislature amended the NYSHRL, bringing the standard for claims under the NYSHRL closer to that of the NYCHRL for claims that accrued on or after the amendment[']s effective date of October 11, 2019." *Lee v. Riverbay Corp.*, 199 F. Supp.3d 259, 274 (S.D.N.Y. 2024).

While the NYCHRL uses the same framework as Title VII and the NYSHRL, it contains more liberal pleading and proof standards as to some elements. *Id.* "NYCHRL claims must be analyzed separately and independently from federal and state discrimination claims." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 113 (2d Cir. 2013). "In order to prevail on a claim of discrimination under the NYCHRL, a plaintiff must prove that unlawful discrimination

was one of the motivating factors of the complained-of conduct." *Reichman v City of New York*, 179 A.D.3d 1115, 1117 (2d Dept. 2020) (citation omitted). If a claim meets the stricter Title VII standard, then it passes muster pursuant to NYCHRL's more liberal standard. *See, Lettieri v. Anti-Defamation League Found.*, 2023 WL 5152447 *13 (S.D.N.Y. Aug. 10, 2023) ("Having dismissed [] claims under the more lenient NYCHRL standards, it follows that its claims to the same effect under Title VII and the NYSHRL's stricter standards also fail."). As Plaintiff has pled a plausible disparate treatment claim under Title VII, she has pled plausible disparate treatment claims under NYSHRL and NYCHRL's more lenient standard.

## II. Hostile Work Environment

Plaintiff also alleges that, because of her Catholic faith, Defendants created a hostile work environment under Title VII by moving towards secularism and removing religious holiday decorations. *See*, Opp'n at 17. To establish a hostile work environment claim pursuant to Title VII, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Littlejohn*, 795 F.3d 297 at 320–21 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Id.* "In determining whether a plaintiff suffered a hostile work environment, we must consider the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (citation and internal quotation marks omitted).

Thus, at the motion to dismiss stage, a plaintiff must plead facts tending to show that the complained of conduct: "(1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; (3) creates such an environment because of the plaintiff's [protected class]," and courts must look at the totality of the circumstances to determine if such an environment existed. *See, Iwelu v. New York State Off. of Mental Health*, 2024 WL 2175938 *4 (2d Cir. May 15, 2024).

Plaintiff has failed to plead a plausible hostile work environment claim. The fact that the School stopped celebrating all religious holidays did not create an objectively severe or pervasive environment against Catholicism. Plaintiff only pointed to a single utterance that perhaps might be construed as hostile to religion when Fasano told her that not using religious decorations "was an attempt not to insult anyone," and that "major religions were the cause of most wars and conflicts in the world." Compl. ¶ 36. While Plaintiff subjectively may have believed the school became hostile to religion, it is a far cry from plausibly alleging an objectively severe or pervasive environment.

In *Harris v. Forklift Sys., Inc.*, the plaintiff plausibly pled a hostile work environment where she often was insulted because of her gender, made the target of unwanted sexual innuendos, and was asked on several occasions to pick up objects that purposely were thrown on the ground in front of her. *See, Harris*, 510 U.S. 17 at 19. In *Rasmy v. Marriott International, Inc.*, the Second Circuit found that a hostile work environment plausibly was pled where the plaintiff, an Egyptian man who heard constant derogatory comments about his religion, was told how superior Greeks are, was called a "fucking Egyptian rat," was told the "idea of God is garbage, and religions are for the stupid people," was prescribed anti-anxiety medication because his workplace made him "chronically nervous." 952 F.3d 379, 384–85 (2d Cir. 2020). However, in *Littlejohn*, the Second

Circuit concluded that the plaintiff had failed to plead a plausible hostile work environment claim, where the plaintiff was subjected to impatient and harsh tones, negative statements about him were told to a coworker, was replaced at meetings, had his reporting schedule increased, and sarcastically was told "you feel like you are being left out." *See, Littlejohn*, 795 F.3d at 321. The facts in this case do not rise even to the level of the facts in *Littlejohn*, where the allegations were not enough to establish a pervasive hostile work environment. Accordingly, Plaintiff's Title VII hostile work environment claim is dismissed.

**A. NYSHRL & NYCHRL Hostile Work Environment**

As discussed, *supra* in Section I.A. above, NYCHRL claims must be "analyzed separately and independently from federal and state discrimination claims." *Mihalik*, 715 F.3d at 113. The NYCHRL rejects the federal "severe and pervasive" standard as inconsistent with its "broad remedial purpose." *Lee*, 751 F. Supp.3d at 287. Following the 2019 amendments, the NYSHRL has moved closer to the NYCHRL's standard. It is not clear under the caselaw whether NYSHRL's standard is coextensive with NYCHRL or whether it requires more. *See, Mitchell v. Planned Parenthood of Greater New York, Inc.*, 2024 WL 3849192 *22 (S.D.N.Y. Aug. 16, 2024) (quoting *Wheeler v. Praxair Surface Techs., Inc.*, 694 F. Supp.3d 432, 451 (S.D.N.Y. 2023).

Pursuant to NYCHRL, a plaintiff must plead plausibly that she was treated "less well" than other employees because of the protected characteristic. *Mihalik,* 715 F.3d at 110; *See also, Reichman,* 179 A.D.3d at 1118 ("Under the NYCHRL, a plaintiff claiming a hostile work environment need only demonstrate that he or she was treated less well than other employees because of the relevant characteristic" (citation and internal quotation marks omitted)). However, courts still must look at the "totality of the circumstances . . . because the overall context in which the [challenged conduct occurs] cannot be ignored." *See, Mihalik*, 715 F.3d at 113 (citation and internal quotation marks omitted). "The conduct alleged must, however, exceed what a reasonable

victim of discrimination would consider petty slights and trivial inconveniences . . . mere personality conflicts will not suffice to establish a hostile work environment." *Reichman*, 179 A.D.3d at 1118 (citation and internal quotation marks omitted).

Plaintiff has alleged only a single instance in which she individually may have endured a discriminatory comment regarding religion generally. Nothing was said specifically to disparage Catholicism. The fact that the school moved to a "more secular culture" is a shift that affected all employees, which, in turn, does not establish that Plaintiff was treated "less well" than other employees because of her religion. Similarly, the comment from Fasano does not exceed what a reasonable victim would consider a petty slight or personality conflict. Accordingly, Plaintiff has not pled a hostile work environment plausibly pursuant to NYCHRL or NYSHRL, which claims are dismissed.

**III. Dismissal of Other Defendants**

Defendants' final argument is that the Directors, Trustees, Fasano, and Mayring should be dismissed because Plaintiff failed to allege that they were her employers. *See*, Mot. at 27. Defendants do not dispute that the School was Plaintiff's employer. *Id*. Plaintiff did not address these arguments. *See generally*, Opp'n.

"It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims." *Ross v. Port Chester Hous. Auth.*, 2019 WL 4738941 at *7 (S.D.N.Y. Sept. 27, 2019) (collecting cases); *See also*, *Wilkov v. Ameriprise Fin. Servs., Inc.*, 735 F.App'x 44, 46 n.1 (2d Cir. 2018) ("We affirm the District Court's dismissal of those claims on the ground that they were 'abandoned' by Wilkov when she failed to oppose them in her opposition to Ameriprise's motion to dismiss."); *See also*, *Randall v. Dish Network, LLC*, 2018 WL 3235543 at *5 (E.D.N.Y. July 2, 2018) ("In light of the Plaintiff's failure to address these claims in his opposition papers to this motion, the above-mentioned claims are

deemed abandoned.") (collecting cases). Accordingly, Plaintiff has abandoned all of her claims against the Directors, Trustees, Fasano, and Mayring, which are dismissed.

Title VII and the NYSHRL do not subject individuals to liability. *See, Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *See also*, *Doe v Bloomberg, L.P.*, 36 NY3d 450, 458 (2021) (holding that the NYSHRL does not render employees liable as individual employers outside of aiding and abetting a discriminatory act). The NYCHRL specifically imposes primary liability on employees and agents for some discriminatory acts. *Bloomberg, L.P.*, 36 N.Y.3d at 459. This liability, however, extends only to employees in a supervisory role. *Russell v New York Univ.*, 42 N.Y.3d 377, 389 (2024) (holding that a coworker cannot be held liable under the NYCHRL absent any supervisory role).

## CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss is granted to the extent that the Title VII, NYSHRL, and NYCHRL disparate treatment claims are dismissed against all Defendants except for the School, and Plaintiff's hostile work environment claims pursuant to Title VII, NYSHRL, and NYCHRL are dismissed against all Defendants.

SO ORDERED.

Dated: Brooklyn, New York
October 20, 2026

/s/
DORA L. IRIZARRY
United States District Judge